## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA

Case No. 08-14274-CIV-MOORE/LYNCH

PETER A. CAHUSAC and
KARLEEN F. CAHUSAC,

      Plaintiffs,

vs.

NATIONAL CITY BANK, NA,

      Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss Amended

Complaint (dkt # 18).

UPON CONSIDERATION of the Motion, the Response, the pertinent portions of the record,

and being otherwise fully advised in the premises, the Court enters the following Order.

### I.   BACKGROUND

On November 28, 2006, Plaintiffs Peter A. Cahusac and Karleen F. Cahusac (together the

"Cahusacs") executed a note (dkt # 17-2) and mortgage (dkt # 17-3) with Defendant National City

Bank, NA ("National City") in the amount of $261,900.00 for a parcel of property located in

Highlands County, Florida.[1]  Plaintiffs executed a construction loan agreement (dkt # 17-4) with

National City on the same date.  The Cahusacs decided to purchase the parcel after being solicited by

_____

[1] The property is legally described as "Lot 21, Block 349, Sun 'N Lake Estates of Sebring, Unit No. 16, A Subdivision as per Plat thereof Recorded in Plat Book 10, Page 4 of the Public Records of Highlands County, Florida."  The facts here are taken from the Amended Complaint (dkt # 17).

Construction Compliance, Inc. ("CCI") and Florida State Builders ("FSB," and together with CCI, "CCI/FSB"). CCI/FSB offered buyers residential lot/home packages with the prospect of no money down. CCI/FSB enticed buyers by offering to pay the interest on the investor's construction loan until construction was completed and by informing buyers that they could sell the property at a profit once construction was completed.

CCI/FSB steered buyers to National City to finance the transaction. The Cahusacs allege that at the time the note, mortgage and construction loan were executed, National City was aware (1) that CCI/FSB's financial condition was deteriorating; (2) that CCI/FSB would be unable to complete the construction; (3) that the appraisals on the lot/home packages were inflated and were not prepared by independent appraisers; and (4) that the real estate market is South Florida was deteriorating. The Cahusacs also allege that National City loan officers (1) assisted them with the loan application process; (2) assisted them in "structuring the loan transaction;" (3) asked them questions concerning the "proposed construction/permanent capped floating rate agreement;" (4) "misrepresented the terms and finance charges of the loan," including liability for interest payments and the existence of excessive closing costs and fees; and (5) were "fully aware of Cahusacs' financial status, and despite this knowledge encouraged and assisted Cahusacs in being heavily mortgaged and overextended." Am. Compl., ¶¶ 24-25, 27. The Cahusacs brought an action in state court, which was removed to this Court on July 23, 2008. Plaintiffs filed an Amended Complaint on October 17, 2008, bringing claims for (1) rescission of the note and mortgage; (2) fraud; and (3) breach of fiduciary duty.

## II.    STANDARD OF REVIEW

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. Milburn v. United States, 734 F.2d 762, 765 (11th Cir.

2

1984).  On a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff.  SEC v. ESM Group, Inc., 835 F.2d 270, 272 (11th Cir. 1988).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007).  A complaint must contain enough facts to indicate the presence of the required elements.  Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1302 (11th Cir. 2007).  "[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal."  Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002).  However, as long as the allegations rise above a speculative level, a well-pleaded complaint will survive a motion to dismiss "'even if it appears that a recovery is very remote and unlikely.'"  Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (*overruled on other grounds by* Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1959-60 (2007) (citation omitted)).

## III.   ANALYSIS

### A.  Rescission

Plaintiffs seek rescission of the note and mortgage which they allegedly executed in reliance on National City's representations.  Rescission is an equitable remedy that aims to restore each party to the position they were in before entering the contract.  Billian v. Mobil Corp., 710 So.2d 984, 990 (Fla. 4th DCA 1998); *see* Willis v. Fowler, 136 So. 358, 367-69 (1931) (stating that the prime object of rescission is "to undo the original transaction and restore the former status" of the parties).  To state a claim for rescission, a plaintiff must plead: "(1) the parties' relationship or character; (2) a contract; (3) fraud, mistake, false representations, impossibility of performance, or other ground for rescission; (4) that the party seeking rescission actually rescinded the contract and notified the other party accordingly; (5) if the moving party received benefits from the contract, Plaintiffs must allege

3

that they attempted to restore those benefits; and (6) there is no adequate remedy at law." <u>Belaire at</u>
<u>Boca, LLC v. Associations Ins. Agency, Inc.</u>, No. 06-80887 (KLR), 2007 WL 2228631, at *4
(S.D.Fla. 2007). A plaintiff need not plead the absence of an adequate remedy at law where "the
inability of one party to restore is caused by the very fraud perpetrated by the other party." <u>Bass v.</u>
<u>Farish</u>, 616 So.2d 1146, 1147 (Fla. 4th DCA 1993); <u>Mulle v. Scheiler</u>, 484 So.2d 47 (Fla. 5th DCA
1986).

Here, the Cahusacs have adequately pleaded the elements of a rescission claim except for the
requirement that there is no adequate remedy at law. Although the Complaint alleges that Plaintiffs
have "no adequate remedy at law," this assertion is belied by the facts pleaded and is therefore a
legal conclusion masquerading as fact. Am. Compl., ¶ 43. If the Cahusacs executed the note and
mortgage pursuant to misrepresentations by National City, the Cahusacs could be made whole by
recovering the difference between the total mortgage amount and the current market value of the
mortgaged property. The Cahusacs could then pay off the remaining mortgage balance by selling the
property at its current market price. Thus, an adequate remedy at law exists.

Allowing the Cahusacs to rescind the mortgage and note will not return the Parties to the
position they were in before executing the note and mortgage. If the Cahusacs' note and mortgage
were rescinded, they would be relieved of their mortgage obligations and thus restored to their
former status. National City would not be put back in its position before executing the note and
mortgage because instead of receiving a return of the funds that National City provided to the
Cahusacs, National City would receive the property that served as security for the mortgage.
However, taking the facts in the Complaint as true, any fraud by National City which caused the
Cahusacs to execute the note and mortgage would be the reason National City could not be restored

4

to its former status because execution of the Cahusacs' note and mortgage contemplated the payment

of the funds to CCI/FSB.  Therefore, the fact that there is an adequate remedy at law does not bar

Plaintiffs from seeking rescission.  *See* Bass, 616 So.2d at 1147.

B.  Fraud

Plaintiffs allege that National City committed fraud by making materially false statements

and by failing to provide information material to the execution of the note and mortgage.  "The

essential elements of a fraud claim are: (1) a false statement concerning a specific material fact; (2)

the maker's knowledge that the representation is false; (3) an intention that the representation

induces another's reliance; and (4) consequent injury by the other party acting in reliance on the

representation."  Lopez-Infante v. Union Cent. Life Ins. Co., 809 So.2d 13, 15 (Fla. 3d DCA 2002).

Plaintiffs contend that National City was aware that CCI/FSB would be unable to complete

construction and that National City made the loans with knowledge that the appraisals were inflated

and not prepared by independent appraisers.  National City's alleged knowledge of these material

facts and the Cahusacs' reliance on these facts are sufficient to state a claim for fraud with respect to

the execution of the note and mortgage.  These contentions also satisfy the pleading requirements of

Rule 9(b) because the Amended Complaint provides an articulation of the misrepresentations, the

names of the loan officers, the date the note and mortgage were executed, and Plaintiffs' reliance on

the misrepresentations in executing the note and mortgage.  *See* Brooks v. Blue Cross and Blue

Shield of Florida, Inc., 116 F.3d 1364, 1371 (11th Cir. 1997) (stating Rule 9(b)'s pleading

requirements).

C.  Breach of Fiduciary Duty

Plaintiffs contend that National City owed them a fiduciary duty which National City

breached by making material misrepresentations. "Under Florida law, a cause of action for breach of fiduciary duty will not lie where the claim of breach is dependant upon the existence of a contractual relationship between the parties." Detwiler v. Bank of Central Florida, 736 So.2d 757, 759 (Fla. 5th DCA 1999). Here, Plaintiffs do not allege any relationship with National City aside from the contractual relationship arising from the note and mortgage. Accordingly, National City's alleged fiduciary relationship with the Cahusacs is necessarily dependant on the contractual relationship between the parties. Accordingly, the breach of fiduciary duty claim fails to state a claim upon which relief may be granted.

## IV. CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss Amended Complaint (dkt # 18) is GRANTED IN PART and DENIED IN PART. The motion is granted with respect to Plaintiffs' breach of fiduciary duty claim. The motion is denied as to all other counts.

DONE AND ORDERED in Chambers at Miami, Florida, this 24th day of November, 2008.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:    All counsel of record